# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDNA MOSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  CIVIL ACTION 04-0435-WS-L |
| | ) |
| **WAL-MART STORES, INC. and WAL-** | ) |
| **MART CLAIMS ADMINISTRATOR,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on plaintiff Edna Mosley's *pro se* Notice for Error Reconsideration (doc. 26), which the Court has construed as a Motion for Relief from Judgment pursuant to Rule 60(b), Fed.R.Civ.P.[1]

**I.     Background.**

Plaintiff Edna Mosley's Complaint reflects that she seeks recovery from defendants based on their denial of her claims for dental benefits arising from treatments in 2002 and 2003. The Complaint identifies five dental charges for which reimbursement is sought: (i) a $59 charge by Dr. Reynolds on November 7, 2002, for teeth cleaning; (ii) another $59 charge by Dr. Reynolds on June 10, 2003 for teeth cleaning; (iii) a $70 charge by Dr. Brown on July 29, 2002, for gum treatment; (iv) another $70 charge by Dr. Brown on January 28, 2003, for gum treatment; and (v) an undated $155 charge by Dr.

---

[1] Also pending is plaintiff's *pro se* Request (doc. 29) for an order obliging defendants "to pay [her] past gum and dental and [her] future bills." (Request, at 1.) To the extent that plaintiff is restating claims already presented in her Complaint, this submission is redundant and therefore **moot**. To the extent she wishes to interpose new claims (*i.e.*, a request for injunctive relief relating to "future bills"), the Request is **denied**. It is far too late in the day for plaintiff to add new causes of action, particularly given that (i) discovery has closed, (ii) the time for amending pleadings, as set forth in the Rule 16(b) Scheduling Order, has long expired, (iii) defendants would suffer prejudice by the injection of new claims into this action at this juncture, and (iv) she has failed to show good cause for not coming forward with such claims earlier.

Brown. Thus, Mosley seeks recovery in this action of $413 in dental benefits and $71.65 in court costs, for a total demand of $484.65.[2]

On March 16, 2005, the Court entered an Order and Judgment (docs. 24 & 25) granting defendants' motion for summary judgment on the grounds that plaintiff's state law claims were subject to super preemption under ERISA, and that her converted ERISA claims failed to satisfy the exhaustion prerequisite to suit. In particular, the Court found that plaintiff had been advised in writing that if she disputed the denial of dental benefits claims in 2002 and 2003, she must send a written request for reconsideration, along with supporting documents and records, to the Plan administrator, within 180 days after the denial, but that she had chosen to bypass that process in favor of proceeding directly to Alabama small claims court.

In her post-judgment Rule 60(b) submission filed on March 31, 2005, Mosley proffered evidence that she had appealed the adverse determination of at least several of the dental benefit claims at issue in this action in December 2004, and that the Wal-Mart Benefits Department had agreed in February 2005 to reprocess those claims and to consider her appeals, notwithstanding the fact that such appeals were made well outside the 180-day window for administrative appeals as required by the Plan. Such evidence strongly suggests that Wal-Mart waived the exhaustion defense undergirding defendants' motion for summary judgment, and on which Judgment in defendants' favor was expressly predicated. In an Order (doc. 27) dated April 11, 2005, the Court ordered defendants to show cause why plaintiff is not entitled to relief from judgment to correct clear error. Defendants were also ordered to furnish the Court with a report as to the present status of all dental benefits claims identified by Mosley in this lawsuit.

In response, defendants confirm that they received and processed Mosley's administrative

---

[2] Given that defendants have recently reimbursed Mosley for the January 28, 2003 treatment, her demand has presumably fallen to $343 in dental benefits and $71.65 in court costs, for a total damages claim of $414.65. Rarely has so much of the Court's time been consumed by an action for damages in which such a modest sum (relatively speaking) is in controversy. Indeed, in removing plaintiff's claims from small claims court to federal court and litigating them vigorously herein, defendants have undoubtedly incurred litigation costs and attorney's fees many multiples larger than any conceivable damages award that might be entered.

appeal submitted on December 20, 2004, notwithstanding its untimely nature. Defendants characterize their decision to process that appeal as "simply an error" on the part of their Appeals Coordinator. (Jones Affidavit, ¶ 3.)[3] Defendants further advise the Court that in February 2005, Wal-Mart reversed the original denial of plaintiff's dental claims for services rendered on January 28, 2003 and August 4, 2003. (Jones Affidavit, ¶ 6 & Exh. 1.) Those claims have apparently now been processed and paid. Wal-Mart denied Mosley's remaining administrative appeals. In a letter to plaintiff dated February 11, 2005, Wal-Mart set forth its position that plaintiff's claims for benefits based on oral examination, panoramic x-ray, and teeth cleaning services provided on July 8, 2002 and July 24, 2002 were properly denied under the applicable terms of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan. (Jones Aff., at Exh. 2.)[4]

---

[3] The April 11, 2005 Order (doc. 27) directed defendants to explain the omission in their summary judgment motion of any reference to plaintiff's December 20, 2004 administrative appeal, and their failure to notify the Court of their decision to accept and process that appeal even as their Rule 56 motion predicated on failure to exhaust administrative remedies was under submission. In an effort to satisfy this burden, defendants offer the Affidavit of Elsie Jones, an Appeals Coordinator for the Plan, who speculates that Wal-Mart's Legal Department was unaware of that appeal. (Jones Aff., ¶ 5.) This point could have been made much more effectively through an affidavit from a Wal-Mart Legal Department representative, who would not have had to guess as to what the Legal Department did or did not know. Moreover, nothing before the Court suggests that Wal-Mart's Legal Department or outside counsel could not have discovered the pendency of the administrative appeal, and the Plan's decision to waive untimeliness, with reasonable diligence and investigation as required by Rule 11. As it stands, defendants submitted a motion for summary judgment hinging on an erroneous recitation of facts that managers within defendants' organization knew to be false, yielding an incorrect ruling and wasting judicial and litigant resources on an illusory defense that defendants had obviously waived. Nonetheless, defense counsel have apologized for the error, which appears to have resulted solely from a communication breakdown, rather than any nefarious designs. On that basis, the Court will refrain from imposing sanctions; however, defense counsel are cautioned to be more diligent in undertaking reasonable investigation before filing papers henceforth.

[4] The February 11, 2005 letter refers to a dental claim for "date of service July 24, 2004." (Jones Aff., at Exh. 2.) Based on other evidence in this case, the Court assumes that the 2004 reference is a typographical error, and that the actual date of service associated with dental claim 022101064845 is July 24, 2002.

**II.     Analysis.**

    *A.     Grounds for Relief from Judgment.*

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Nonetheless, reconsideration is proper to correct manifest errors of law or fact. *See* Rule 60(b), Fed.R.Civ.P.; *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). In considering such a request, the Court bears in mind that such motions are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

Upon examination of the record, it is pellucidly clear that plaintiff is entitled to relief from judgment, pursuant to Rule 60(b), inasmuch as the Order and Judgment entered on March 16, 2005 suffer from clear error. The sole basis for granting summary judgment articulated in the March 16 Order was as follows:

> "The uncontroverted evidence in the record is that Mosley failed to submit a request for review of these claim denials within the 180-day review window, but instead proceeded directly to state court. As such, she has plainly failed to exhaust her administrative remedies. Mosley has offered no valid justification for such an omission, and no possible basis for evading the exhaustion requirement appears in the record. Plaintiff's claims therefore must be dismissed for want of exhaustion."

(March 16 Order (doc. 24), at 9.)  The *pro se* plaintiff has since come forward with evidence that she did in fact exhaust her administrative remedies, and defendants have admitted that Plan representatives possessed actual knowledge that she had done so even as defendants were making contrary representations to this Court.  Defendants now concede (as they must) that they "do not believe that Plaintiff's claims are barred because of failure to exhaust administrative remedies." (Defendants' Response (doc. 28), at 3.)  That being the case, the entire legal foundation of the Order granting summary judgment to defendants crumbles into dust because it rests on a factual premise that all parties now acknowledge to be false.

   **B.** ***Defendants' Counterarguments.***

  Notwithstanding these circumstances, defendants insist that plaintiff's Rule 60 motion should be denied because (1) this Court has already found that plaintiff's state-law claims are preempted, and the preemption ruling constitutes sufficient basis for granting summary judgment; and (2) plaintiff has not demonstrated that the Plan fiduciary's decisions were "arbitrary and capricious." (Defendants' Response, at 3-4.)  Neither contention is compelling.

  As the Court understands their filing, defendants maintain that summary judgment remains proper, even without the exhaustion defense, because the Court held that Mosley's state law claims were preempted by ERISA.  This argument misapprehends the meaning and effect of ERISA preemption.  When a state-law claim is subject to ERISA super preemption, that claim is not dismissed; rather, it is simply converted into a federal cause of action.  *See Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003) (explaining in ERISA context that "[s]uper preemption ... ***recharacterizes*** the state law claim into a federal claim under § 1132"); *Whitt v. Sherman Intern. Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("State law claims that seek relief available under ERISA are recharacterized as ERISA claims and therefore arise under federal law."); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (explaining that complete preemption doctrine allows state law claim to be recharacterized as an action arising under federal law); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003) (where a federal statute completely preempts state law, "a claim which comes

within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law"); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003) (where complete preemption applies, a plaintiff's "cause of action is either wholly federal or nothing at all"). The Court therefore rejects defendants' contention that ERISA preemption, in and of itself, presents a viable basis for dismissing this lawsuit. As the foregoing authorities make clear, the true effect of super preemption is to transmute plaintiff's purportedly state law claims into federal ERISA claims. As such, the lawsuit continues to exist, notwithstanding ERISA preemption, albeit in slightly different form.

Defendants' alternative argument is that summary judgment remains appropriate because Mosley cannot demonstrate that the Plan fiduciary's decisions were arbitrary and capricious. (Defendants' Response, at 4.) The glaring flaw with this contention is, of course, that defendants are presenting it for the first time in response to a motion for Rule 60(b) relief. They did not assert it in their motion for summary judgment. As such, plaintiff has been afforded no opportunity to rebut it. To deny plaintiff relief from an obviously incorrect Order and Judgment on the basis of an alternative theory which defendants never previously presented and to which plaintiff has never had an opportunity to respond would be inequitable and improper. Therefore, the Court declines defendants' invitation to reaffirm its Judgment on the basis of a legal issue neither identified nor briefed in the underlying Rule 56 motion.[5]

### III.   Conclusion.

For all of the foregoing reasons, plaintiff's construed Motion for Relief from Judgment (doc. 26)

---

[5] Nothing herein bars defendants from interposing their "arbitrary and capricious" argument via separate motion, assuming that defendants do so through procedurally proper channels. Because defendants have already had one bite at the summary judgment apple, any future Rule 56 motions require advance leave of Court. *See, e.g., Fernandez v. Bankers National Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) ("Two motions for summary judgment may be ruled upon in the same case, particularly when discovery has been extended for good reason, as in this case, and the district judge allows a second summary judgment motion."); *Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (explaining that, while such a practice is disfavored, rules do not prohibit consideration by trial court of successive motion for summary judgment). Any request for leave to file a successive motion must include a showing of good cause for the party's failure to raise the proffered argument in its previous Rule 56 submissions.

is due to be, and the same hereby is, **granted**. The Order (doc. 24) and Judgment (doc. 25) dated March 16, 2005 are hereby **vacated** pursuant to Rule 60(b) on the ground of clear error, to-wit: Both were based on defendants' misrepresentation that plaintiff failed to exhaust her administrative remedies, when in fact all parties now agree that she has done so. This action is hereby **reinstated** to the undersigned's active docket. The deadlines in the original Rule 16(b) Scheduling Order having expired, the Court hereby **sets** trial and pretrial deadlines as follows:

1. Any request for leave to submit a successive Rule 56 motion must be filed on or before **May 20, 2005**, and must conform to the requirements set forth herein. Such a request must also be accompanied by a proposed Rule 56 motion and memorandum of law.

2. The Final Pretrial Conference is **reset** for **2:30 p.m.** on **July 12, 2005 in Room 227, U.S. Courthouse, Mobile, Alabama.** This is a firm setting and the parties are expected to be ready for trial on that date. A copy of the undersigned's standing order governing his final pretrial conferences, with which the parties are to comply, is attached. No additional notice regarding the Final Pretrial Conference will be given.

3. This action is set for bench trial during the **August 2005** trial term. The specific trial date shall be set once the total number of actions going to trial that month is determined.

4. The disclosure of information regarding the evidence that each party may present at trial as required by Rule 26(a)(3), Fed.R.Civ.P., is to be made on or before **July 1, 2005.**

Finally, plaintiff's Request (doc. 29) for an order requiring defendants to pay her "past gum and dental and [her] future bills" is **denied** insofar as it seeks to interpose new causes of action, and is **moot** to the extent it reiterates claims previously asserted herein.

DONE and ORDERED this 6th day of May, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE