IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 04-0435-WS-L |
| ) | |
| WAL-MART STORES, INC. and WAL- ) | |
| MART CLAIMS ADMINISTRATOR, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff Edna Mosley's Motion (doc. 36) requesting "an order for [her] present and future dental bills to be paid" by defendants. (Motion, at 1.)

On or about June 15, 2004, Mosley, proceeding *pro se*, filed an Amended Complaint in Small Claims Court in Washington County, Alabama against named defendants Wal-Mart Claims Administrator, Wal-Mart Stores, Inc., and Delta Dental. The Amended Complaint reflects that Mosley sought recovery from defendants based on their denial of her claims for dental benefits arising from specific treatments on specific dates in 2002 and 2003, when she had continuing insurance coverage with defendants pursuant to COBRA. Mosley's Amended Complaint was specific that she sought $413 in dental benefits and $71.65 in court costs, for a total demand of $484.65. On July 2, 2004, defendants removed this action to federal court on the ground that Mosley's claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

On June 14, 2005, the parties conducted a telephonic status conference with Magistrate Judge Lee, at the conclusion of which the undersigned was advised that this action had been compromised and settled. As a result, on June 15, 2005, the Court entered a 30-Day Order (doc. 35) dismissing this action with prejudice, "provided that any party may reinstate the action within 30 (thirty) days after the date of the entry of this Order if the settlement agreement or other appropriate settlement documentation is not consummated in the interim." (Doc. 35.) The Court understands that Wal-Mart

has now paid Mosley in full for all of the challenged dental claims listed in the Amended Complaint.

Mosley submitted her latest filing on July 13, 2005, or 29 days after entry of the 30-Day Order dismissing this case. Plaintiff does not contend that no settlement agreement has been consummated; to the contrary, she writes in "Part 1" of the Motion that she "did agree to accept payment for [her] dental work while under COBRA. Dispute is resolved." (Motion, at 1.) Nonetheless, in "Part 2," Mosley requests an order directing defendants to pay her present and future dental bills. She also asserts that "[t]hey should give me total disability and repay me for my bills that I had to pay because I still don't have treatment. I can't afford it." (Motion, at 3.) In support of her contentions, Mosley offers certain medical records, as well as digests of case authorities interpreting the Alabama Workers' Compensation Act.

A reasonable reading of "Part 2" of this submission is that plaintiff is asking the Court to set aside the dismissal and reopen this litigation to hear additional claims relating to plaintiff's workers' compensation status, as well as defendants' payment or nonpayment of medical bills relating to jaw and other injuries. This interpretation is confirmed by a voice-mail message plaintiff left with the Clerk's Office on the morning of July 14, 2005, in which she explained, "I did agree to close out the first part of my case ... but on the second part ... I wanted Judge Steele to please open up that part for me again. It had not been closed out. First part, yes, $415. Second part, on the jaw injuries, no ma'am, it hadn't been closed out, and I had 30 days to do that in, to reopen that part."

The fundamental problem with Mosley's request is that what she refers to as the "second part" or "Part 2" of this case does not now exist and never has existed. As mentioned above, plaintiff's Amended Complaint lists her total demand in this litigation as $484.65 for reimbursement of court costs and dental expenses incurred while covered by COBRA. Those claims have been settled in full and are no longer in dispute. The Amended Complaint says nothing about claims for present and future dental bills, for jaw injuries, or under the Alabama Workers' Compensation Act for failing to deem her totally disabled. Simply put, those claims are not part of this lawsuit. They never have been part of this lawsuit. Plaintiff's own Amended Complaint refutes her present contention that the claims she has raised against Wal-Mart in this case extend beyond $484 in COBRA-related dental benefits from 2002

and 2003, plus her court costs.  Thus, it is absolutely clear from the court file that her lawsuit is confined to those 2002-2003 dental claims, which by her own admission have been fully and completely extinguished.  There is therefore nothing to reopen.

To the extent that Mosley is asking the Court to allow her to amend her complaint now to assert the "Part 2" claims, that request must be denied as untimely.  Under the Rule 16(b) Scheduling Order (doc. 11) entered by Magistrate Judge Lee, any motion for leave to amend pleadings must be filed on or before October 15, 2004.  (Scheduling Order, ¶ 5.)  Yet plaintiff waited until nine months after that court-ordered deadline, and after entry of an Order conditionally dismissing this case, before seeking to amend her complaint.  The law is clear that while plaintiff's *pro se* status entitles her to deferential treatment, it does not excuse her from compliance with litigation deadlines.  *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Coffey v. United States*, 939 F. Supp. 185, 189 (E.D.N.Y. 1996) (noting that courts must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights, but that *pro se* status does not exempt a party from compliance with procedural and substantive law).[1]

Moreover, it is not the responsibility of this Court to remind plaintiff to raise any additional claims in a timely manner or to assist her in doing so.  *See Pliler v. Ford*, 124 S.Ct. 2441, 2446 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Hines v. Reed*, 170 F. Supp.2d 1200, 1204 (S.D. Ala. 2001) ("Even though the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have license to serve as de facto counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action....") (citation omitted).  It is far too late in the day for Mosley to inject the "Part 2" claims against defendants in this

---

[1] The Court cautioned Mosley on this point in an Order (doc. 15) dated January 7, 2005, in which the undersigned informed plaintiff that her "*pro se* status does not excuse her from abiding by court orders and the Federal Rules of Civil Procedure.  It is her responsibility to prosecute her claims ... in a timely and adequate manner." (*Id.*)

lawsuit, when such claims have never been pleaded as being part of this case previously.

For the foregoing reasons, plaintiff's motion to reopen (doc. 36) is **denied**. No other objections having been filed within the time period authorized by the 30-Day Order, this case is **dismissed with prejudice**.

**DONE** and **ORDERED** this 20th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
